```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
CATHERINE I.,                       )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )    C.A. No. 19-394 WES
                                    )
ANDREW M. SAUL,                     )
Commissioner,                       )
Social Security Administration,     )
                                    )
         Defendant.                 )
_____)
```

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, ECF No. 23. For the reasons that follow, Plaintiff's Motion is GRANTED.

I.  BACKGROUND

Plaintiff filed for disability insurance benefits in 2016. Catherine I. v. Saul, CV 19-394WES, 2020 WL 2730907, at *1 (D.R.I. May 26, 2020), adopted by June 18, 2020 Text Order. In early 2019, an administrative law judge ("ALJ") found that various medical conditions had rendered Plaintiff disabled in 2015. Id. However, relying on the testimony of a doctor who reviewed Plaintiff's records but did not treat her, the ALJ found that Plaintiff had become capable of performing certain limited types of work starting in August 2018. Id. After the ALJ issued his decision, Plaintiff sought review from the Appeals Council, submitting three new

medical opinions that painted a bleaker picture of the 2018-2019 period. Id. The Appeals Council declined to review the decision. Id.

Plaintiff then challenged the decisions of the ALJ and the Appeals Council in this Court. In a Report and Recommendation, ECF No. 17, Magistrate Judge Patricia A. Sullivan recommended that the Court grant Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 13, to the extent that it sought remand for rehearing. Id. at *3. Over the Commissioner's objections, the Court adopted Judge Sullivan's recommendation and remanded the case. See June 18, 2020 Text Order; Def.'s Obj., ECF No. 20. The Commissioner did not seek review in the Court of Appeals. Plaintiff then filed the instant Motion seeking attorney's fees. The Commissioner filed an Opposition to Plaintiff's EAJA Application for Fees and Expenses ("Opposition"), ECF No. 24, to which Plaintiff submitted a Reply to Defendant's Opposition ("Reply"), ECF No. 25.

II. DISCUSSION

Plaintiff seeks $10,148.03 in attorney's fees and $400 in costs. Binder Affirmation 4, ECF No. 23-3. The Commissioner argues that this request should be denied. Opp'n 1, ECF No. 24.[1]

---

[1] Plaintiff also requests an additional $1069.32 for time spent preparing the Reply. See Pl.'s Reply 11, ECF No. 25.

A.  Substantial Justification

"[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  24 U.S.C. § 2412(d)(1)(A). "A 'position' of the United States is 'substantially justified' if it . . . has a 'reasonable basis both in law and fact.'" McLaughlin v. Hagel, 767 F.3d 113, 117 (1st Cir. 2014) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  The actions of the government both prior to and during litigation are relevant. See id. (citation omitted).  The burden of showing either substantial justification or special circumstances falls to the Commissioner.  See id. (citation omitted); see also Dantran, Inc. v. U.S. Dept. of Lab., 246 F.3d 36, 41 (1st Cir. 2001) (applying preponderance standard to question of substantial justification).

The ALJ's conclusion that Plaintiff was capable of work starting in 2018 was largely based on the testimony of a single, non-treating physician. See Catherine I., 2020 WL 2730907, at *9. However, multiple opinions authored by treating physicians, unseen by the non-treating physician, "indicat[ed] a condition that [was] worse than what [the non-treating physician] testified was the foundation for his opinion that Plaintiff had recovered the ability to work . . . ." Id.  "Each relate[d] to symptoms and clinical

3

procedures that [the non-treating physician's] testimony expressly ma[de] clear he did not consider in forming his opinion." Id. Moreover, "the indication of worsening in each of these records was ignored by the ALJ; rather, he relied on his lay assessment, cherry-picked to focus only on the positive, to find them consistent with the [non-treating physician's opinion]." Id. (citation omitted). Despite the fact that the non-treating doctor's opinion "d[id] not amount to substantial evidence[,] it [was] the sole foundation for the ALJ's" findings regarding Plaintiff's residual functional capacity. Id. (citation and quotation omitted). Furthermore, the Court directed "that the ALJ reweigh his assessment that Plaintiff's subjective statements [were] not entirely consistent with the medical evidence for the period affected by this treatment." Id. at *10 (citation and quotation omitted).

The Commissioner argues that the ALJ had several reasons to rely on the non-treating physician's opinion; thus, even though some of those reasons were infirm, the Commissioner had a valid basis for arguing that the physician's opinion provided a solid basis for the ALJ's findings. See Opp'n 4. But the problem with the non-treating physician's testimony was not a matter of weight; rather, the fact that he had not examined crucial records documenting the most up-to-date information on Plaintiff's medical

4

conditions meant that the ALJ's disputed findings were based on insubstantial evidence. See Catherine I., 2020 WL 2730907, at *9.

This pattern continued.  Following the ALJ's decision, Plaintiff requested a review from the Appeals Council, providing three medical opinions that postdated the ALJ's decision. Id. at *1.  These opinions confirmed ongoing diagnoses of sarcoid and dyspnea, as supported by laboratory tests and clinical observations, and indicated that Plaintiff's medical conditions imposed significant functional limitations that "preclude[d] all work."  Id. at *5.  And yet, despite these highly relevant new opinions, the Appeals Council denied review, thus committing "an egregious mistake." Id. at *11 (citing Orben v. Barnhart, 208 F. Supp. 2d 107, 111 (D.N.H. 2002)).[2]

In sum, the positions taken by the government were not substantially justified.[3]

---

[2] The Court need not provide an extended explanation of why the Commissioner's layman attempt to poke holes in two of the later-produced opinions is unsuccessful.  See Opp'n 5-6.  A treating physicians' opinions should generally be given significant weight.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(c).

[3] The Court also rejects the argument that this case presented special circumstances such that an award of attorneys' fees would be unjust.  See Opp'n 6-7.  Although Judge Sullivan raised the primary error sua sponte, the error was the subject of a hearing convened by the Court; thus, the Plaintiff's success was wrapped up in the work done by her attorneys.  See Catherine I., 2020 WL 2730907, at *8 n.7.  The Commissioner also claims that Plaintiff's tardiness in providing certain documents to the ALJ created special circumstances.  See Opp'n 6.  However, moderate delays are par for

B.   Reduced Fee Award

In the alternative, the Commissioner argues that the fee award requested by Plaintiff should be reduced in two regards.  First, the Commissioner argues that 4.4 hours spent preparing a response to the Commissioner's Objection to the Report and Recommendation should not be compensated because that response was never filed.[4]  See Opp'n 8.  The Court adopted the Report and Recommendation before the response deadline had passed, thus stopping Plaintiff from submitting her response.  See Opp'n 8 n.3; Reply 9-10.  Rule 72(b)(2) of the Federal Rules of Civil Procedure provides that "[a] party may respond to another party's objections [to a report and recommendation] within 14 days after being served with a copy."  Given the ample basis for opposing the Commissioner's objections, Plaintiff's counsel rightfully sought to submit a response.  Plaintiff's counsel should not be deprived of compensation because the Court adopted the Report and Recommendation prior to the deadline.  Thus, the Court declines to subtract the 4.4 hours spent on the unfiled response from the award.

---

the course in litigation.  Moreover, the delayed document production has no bearing on the Court's conclusion that the Appeals Council committed an egregious error by failing to review the case in light of new evidence.

[4] Plaintiff submitted the unfiled response as an exhibit to her Reply.  See Pl.'s Resp. to Def.'s Objs. to R. & R., ECF No. 25-1.

6

Second, the Commissioner notes that Plaintiff's attorneys spent 4.5 hours drafting an argument that the ALJ erred by giving more weight to the opinion of the non-treating physician than those of the treating physicians. See Opp'n 8-9. The Court agreed with Plaintiff: the ALJ's "puzzling across-the-board rejection of the 2017 treating opinions" was erroneous. Catherine I., 2020 WL 2730907, at *8 n.7; see also Mem. Supp. Pl.'s Mot. Reverse 19-22, ECF No. 14. However, the error was harmless. Catherine I., 2020 WL 2730907, at *8 n.7. Moreover, this unsuccessful claim was distinct from the errors that led the Court to remand the matter. See id. Thus, as the Commissioner argues, "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." Opp'n 8 (quoting Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)). Consequently, the Court will deduct $943.52 (4.5 hours of work at an hourly rate of $209.67) from the requested award.

C.   Additional Fees for Reply

Plaintiff requests an additional award of $1069.32 for the time spent drafting the Reply (5.1 hours at the requested - and uncontested - rate of $209.67 per hour). See Pl.'s Reply 11. Having reviewed the thorough and convincing arguments put forth in the Reply, the Court concludes that 5.1 hours of work is not excessive. Thus, the Court adds $1069.32 to the fee award.

III. CONCLUSION

Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, ECF No. 23, is GRANTED with the sole exception of the 4.5 hours spent drafting an argument regarding the weighing of medical opinions.  Accordingly, the Court awards attorney's fees of $10,273.83 and costs of $400.  If it is determined that Plaintiff does not have any outstanding federal debt subject to collection, the award shall be paid directly to her attorney.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date:  April 7, 2021